In the Matter of Frank O. Seed.

Supreme Court, Erie County, July 1, 1931.

*Stanley G. Falk*, for Frank O. Seed.

Harris, J. This court, of its own motion, has cited the above named Seed before the court on a charge of violation of subdivision 2 of section 750 of the Judiciary Law, which section and such subdivision, so far as is pertinent to the matter herein, are quoted as follows:

"§ 750. Power of courts of record to punish for criminal contempts. A court of record has power to punish for a criminal contempt, a person guilty of either of the following acts, and no others:

\*       \*       \*       \*       \*       \*       \*       \*

" 2. Breach of the peace, noise, or other disturbance, directly tending to interrupt its proceedings."

Sessions of the criminal part of the Supreme Court of Erie county are held in a court room located on the second floor of the county hall of Erie county. On the same floor are other court rooms, the grand jury room, petit jury rooms and the offices of the district attorney of Erie county, all of these being in the southern

portion of the second floor, and on this floor also are the offices and meeting rooms of the board of supervisors of Erie county, which offices and meeting rooms are in the northern part of such floor. On Friday afternoon, June 26, 1931, the justice of the court was proceeding to the court room to receive a final report of the grand jury when he observed, standing outside of the grand jury room, the above-named Seed holding in his hand a device and an explosive commonly used in taking flashlight pictures. The explosion of such materials had previously occurred approximately in and about the court rooms, and had created noises that disturbed the orderly procedure of the court. The grand jury was about to go from its room to the court room and, as a part of the court, had a right to go in an orderly manner without disturbance. The justice of the court, therefore, stated to the said Seed that he, the said Seed, could not and should not operate such device in the corridor where he was standing, the object of such instruction being to prevent a disturbance of the court. After the court had received the report of the grand jury and arraignments were being made before the court of prisoners indicted by such grand jury, the said Seed, in the corridor adjoining the court room and at a distance of approximately 100 feet from the court room, exploded the device for the purpose of taking the pictures of certain prisoners who were being conducted by deputy sheriffs to the court room for arraignment to answer to indictments. The noise of the explosion was sudden and disturbed the order of the court. The said Seed is an employee of the Buffalo *Courier-Express*, a daily newspaper in the city of Buffalo, and was engaged, at the time that he caused such explosion, in his duty as a staff photographer of such newspaper.

The said Seed and his employer now challenge the right of the court to arraign and to punish the said Seed for the explosion which he admittedly caused and the noise resulting therefrom. The assertion is made that the court had no right to forbid the use of explosives for photography purposes in the corridors adjoining the courts; that the noise did not disturb the court, and that the said Seed is protected by the doctrine of the liberty of the press.

It cannot be doubted that the press has full liberty to obtain material for its publications by any method that it deems best, provided such method is not illegal. It is fully recognized that the general public, which seldom visits a court, can be and should be well served by the newspapers in giving full and accurate accounts of what occurs in and about the courts. In view of this, provision is made in the court house and by the courts for the transmission of news to the representatives of the press. But in this matter

we are concerned solely with whether the act of the said Seed was an illegal act. The court has a right to conduct its work and its sessions without disturbance of any sort. This is an inherent right, as otherwise a court which cannot guard against disturbance, finally could be pursued by disturbance to a point where it would be forced to cease to function. So it is evident that this right to sit and proceed undisturbed is a right necessary to the liberties of the people, for whose protection the courts have been created. Therefore, the Legislature has provided that noises, or other disturbances tending to interrupt the proceedings of the court, are criminal and punishable. (Penal Law, § 600, and Judiciary Law, § 750.) The taking of a photograph by the use of explosives creates a noise that disturbs the court, and is apt to result in the congregation of large numbers of persons whose presence outside the doors of the court room would result in disorder, disturbing the court.

Prisoners who are being brought through the corridors of the county hall, where this court sits, should be allowed to go through such corridors unmolested, because their molestation, even if only by a photographer, is apt to lead to disorder that may lead to the release or escape of the prisoners. The picture taken by said Seed shows that it was taken against the desire of those who are pictured, and such an incident could easily lead to riot in the halls and corridors adjoining the court. This line of reasoning that disorders may arise and harm may come from the taking of pictures in the vicinity of the court room, does not necessarily confine itself to the taking of pictures of those indicted for crime. Persons interested in civil litigation, either as parties or called as witnesses, have a right to approach the court undisturbed, and one can readily see that a practice which compels a litigant or a witness to run a barrier of cameras with attendant noises, would lead to such parties relinquishing their right to approach the courts and would result in witnesses being kept away from the court. This court has no doubt that a party to a lawsuit, or a witness, would have a right to object to his picture being taken, and such objection could in the future, as it has sometimes in the past, lead to fisticuffs and similar disturbing occurrences.

Nothing herein is intended to indicate that this court has a viewpoint that pictures may not be taken in the corridors of the court house. The press has a right to collect its news if it does so in a peaceable and legal fashion. But the taking of pictures in such a manner as creates noise that is disturbing to the court, or leads to the gathering of large crowds, or causes the parties whose pictures are being taken to enter violent protest, is conduct

that disturbs the court and directly tends to interrupt its proceedings, either by noises or by the molestation of those who are entitled to approach the court without hindrance.

Since the occurrence of last Friday in which Mr. Seed was involved, this court has been advised that the occurrence itself, and similar occurrences, have been brought about by a lack of knowledge on the part of those seeking to obtain the pictures as to their rights and as to their duties toward the court. This memorandum is written with the thought that the information therein contained will lead to a proper conduct on the part of those seeking to take pictures in the vicinity of the court. With this in mind, the court sees no reason to continue the proceedings against Mr. Seed, and he is discharged.